UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DARNELLE B. ARCENEAUX HARGRODER** | * * * | CIVIL ACTION NO.: _____ |
| **VERSUS** | * * | JUDGE _____ |
| **PREMIER TRUST, INC.** | * | MAGISTRATE _____ |

## VERIFIED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Darnelle B. Arceneaux Hargroder ("Plaintiff" or "Mrs. Hargroder"), who respectfully represents as follows:

## PARTIES

1.

a. Mrs. Hargroder is a person of full age and majority, domiciled in Lafayette Parish, State of Louisiana; and

b. Defendant, Premier Trust, Inc. ("Premier" or "Trustee") is a Nevada corporation with its principal place of business in Las Vegas, Nevada.

## JURISDICTION

2.

This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Mrs. Hargroder and Premier, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3.

Mrs. Hargroder is a citizen of the State of Louisiana, and Premier is a citizen of the State of Nevada for purposes of diversity jurisdiction. Mrs. Hargroder, as Co-Payee, herein seeks to collect well in excess of $75,000, pursuant to two Promissory Notes issued by Premier as Maker with Mrs. Hargroder as Co-Payee.

4.

This Court has personal jurisdiction over Premier because Premier transacts business in the State of Louisiana. Further, this action arises from two Promissory Notes issued to Mrs. Hargroder and her ex-husband in consideration for Premier's purchase of certain interests in two Louisiana limited liability companies co-owned by Mrs. Hargroder. The Promissory Notes in question were attached to two Acts of Sale executed by Mrs. Hargroder in New Orleans, Louisiana, on December 27, 2016.

**VENUE**

5.

Venue is proper in the Eastern District of Louisiana because the acts of sale between Mrs. Hargroder and Premier, with the Promissory Notes at issue attached thereto, involve the sale of interests in Louisiana companies by Louisiana owners. The relevant transactions were executed in New Orleans, Louisiana on December 27, 2016, giving rise to the subject Complaint.

**FACTUAL BACKGROUND**

6.

In 2016, Plaintiff was married to Bryan Arceneaux. (The Arceneauxs divorced in December of 2018, and the Plaintiff remarried some two years later; hence the name, Mrs.

Hargroder.) In the fall/winter of 2016, the Arceneauxs formed a Delaware Trust that was later converted to a Nevada Trust without her knowledge or consent, naming Premier as the Administrative Trustee. In connection with the purported trust, on December 27, 2016, the Arceneauxs executed numerous Donations to the trust and two Acts of Sale, selling sizeable interests in two Arceneaux companies to Premier as Trustee.

7.

Specifically, the Arceneauxs sold 8,910,000 Class B units of Louisiana Tank Specialties, LLC to Premier "in consideration of the price and sum of Six Million Two Hundred Eighty-two Thousand and No/100 ($6,282,000.00) Dollars, which Purchaser [Premier] shall pay to Sellers, in accordance with all the terms and conditions of [that] certain Promissory Note executed as of even date hereof … and said Promissory Note is attached hereto and made a part hereof." The attached Promissory Note was executed by Premier in the original principal amount of $6,282,000.00, bearing interest at a rate of 1.95% per annum on the unpaid principal balance of the Note until paid in full. Premier obligated itself to pay the Note in equal installments of $285,652.98 per year, beginning on November 30, 2017, and continuing on the 30th of November each year thereafter until paid in full. The Act of Sale and the attached Promissory Note is made a part hereof as **Exhibit A** and **Exhibit A-1**, respectively.

8.

At the same time, the Arceneauxs sold 4,009,500 Class B units of Tank Specialties, LLC to Premier "in consideration of the price and sum of Five Hundred Thirty Thousand Five Hundred and Fifty and No/100 ($530,550.00) Dollars, which Purchaser [Premier] shall pay to Sellers, in accordance with all the terms and conditions of [that] certain Promissory Note

executed as of even date hereof ... and said Promissory Note is attached hereto and made a part hereof." The attached Promissory Note was executed by Premier in the original principal amount of $530,550.00, bearing interest at a rate of 1.95% per annum on the unpaid principal balance of the Note until paid in full. Premier obligated itself to pay the Note in equal installments of $24,125.83 per year, beginning on November 30, 2017, and continuing on the 30th of November each year thereafter until paid in full. The Act of Sale and the attached Promissory Note is made a part hereof as **Exhibit B** and **Exhibit B-1**, respectively.

9.

Premier failed to make payments on either Note on November 30, 2017, November 30, 2018, November 30, 2019, November 30, 2020, and November 30, 2021. Premier is in default of both Promissory Notes. On November 15, 2022, Premier was notified, in writing, of the defaults, wherein Mrs. Hargroder demanded to be paid her half of the entire principal balances by November 30, 2022, amounting to $3,406,275. A copy of the demand default letter is attached hereto, without duplicative attachments, as **Exhibit C**.

10.

Both Promissory Notes contain the same provisions concerning default:

If Maker defaults under this Note, Payee may, with 15 days' written notice to Maker, demand immediate payment of the entire principal balance due. If Payee does not receive any payment within 10 days after its due date, Maker shall pay a 5% late charge on the delinquent payment.

Maker specifically waives any right of presentment for payment, notice of dishonor, demand, protest, notice of protest, and notice of nonpayment.

If this Note is placed in the hands of an attorney for collection or in any proceeding instituted to collect these amounts or for any litigation or controversy arising from or connected with this Note, the amounts are payable

together with holder's reasonable attorney's fees and all related costs and expenses.

## RELATED ISSUE

11.

The Plaintiff herein filed suit on May 2, 2019, to have the Nevada Trust declared null and void for lack of consent (*Darnelle B. Arceneaux v. Bryan D. Arceneaux*, Docket No. 135,630; Div. "C"; 17th Judicial District Court, Parish of Lafourche, State of Louisiana <u>consolidated with</u> *Darnelle B. Arceneaux v. Bryan D. Arceneaux*, Docket No. 137,974; Div. "C"; 17th Judicial District Court, Parish of Lafourche, State of Louisiana). After a one-day trial, the lower court denied Mrs. Hargroder's claim. The matter is currently on appeal with the First Circuit Court of Appeal. While Mrs. Hargroder believes that the appellate court will reverse the lower court's judgment, she must protect her alternative right to recover sums due pursuant to the terms of the two Promissory Notes issued by Premier by filing this suit in a timely manner. Should the First Circuit reverse the trial court and the Nevada Trust ultimately be found null and void, the Promissory Notes made pursuant to the flawed Nevada Trust would likewise be null and void, and this suit would become moot. Until that happens, Mrs. Hargroder must pursue her claim to the amounts otherwise due her on the Promissory Notes.

## RELIEF SOUGHT AT THIS TIME

12.

The first payments on the Notes were both due November 30, 2017, in the combined installment amount of $309,788.81. The same amount was due the Arceneauxs on November 30th of 2018, 2019, 2020, and 2021.

13.

Mrs. Hargroder was, and is, entitled to half of these yearly installment amounts, or $154,894.41 per year from 2017 – 2021. Mrs. Hargroder should have already been paid $774,472.02 by Premier. She received nothing. Plaintiff is also entitled to recover reasonable attorney fees, costs and expenses that she had to expend to collect the money she is owed per the Notes.

14.

It is anticipated that Premier will likewise default on the November 30, 2022, installment payment. On December 1, 2022, fifteen (15) clear days will have passed since the November 15, 2022, default/demand letter was sent to Premier Trust. Pursuant to the terms of the Promissory Notes, Mrs. Hargroder will then be entitled to seek her half of the entire combined principal amount of the two Notes - $3,406,275.00. In that event, Mrs. Hargroder will follow the procedures required to amend this Complaint to reflect a revised demand for her share of the entire principal amounts of the two Notes and any other relief to which she may be entitled pursuant to the provisions of the Promissory Notes and Louisiana law.

WHEREFORE, Darnelle B. Arceneaux Hargroder respectfully prays that after all due proceedings be had, that there be a judgment rendered in her favor and against Premier Trust, Inc., ordering that there be an award in favor of Plaintiff in the sum of $774,472.02, plus attorney's fees and all costs and expenses related to the collection of the sums due under the two Promissory Notes at issue, and any and all other equitable relief allowable by law.

RESPECTFULLY SUBMITTED,
BREAZEALE, SACHSE & WILSON, L.L.P.
301 Main Street, 23rd Floor (70801)
Post Office Box 3197
Baton Rouge, Louisiana 70821-3197
Telephone: 225-387-4000
Fax: 225-381-8029

/s/ *Jeanne C. Comeaux*
Claude F. Reynaud, Jr. (La. #11197)
*claude.reynaud@bswllp.com*
Jeanne C. Comeaux, T.A. (#22999)
*jeanne.comeaux@bswllp.com*
Danielle L. Borel (La. Bar Roll No. 35669)
*danielle.borel@bswllp.com*

*Attorneys for Darnelle B. Arceneaux Hargroder*

**PLEASE SERVE:**

**PREMIER TRUST, INC.**
Through its Registered Agent
for Service of Process:
**SALTZMAN MUGAN DUSHOFF, PLLC-CRA**
1835 Village Center Circle
Las Vegas, Nevada 89134

2424650.v1